UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHANTEL RICHARDEL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2093** |
| **CAROLYN W. COLVIN, LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION: "D" (4)** |

**REPORT AND RECOMMENDATION**

The Plaintiff, Chantel Richardel ("Richardel"), has filed a **Motion for Attorney's Fees and Costs (R. Doc. 22)** pursuant to the Equal Access to Justice Act ("EAJA"). The matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636 (b)(1)(B).[1]

**I.   Background**

On October 15, 2021, Richardel filed a claim for disability benefits under Titles II and XVI of the Social Security Act. R. Doc. 10 at 16. After denials through the administrative appeals process, Richardel filed a complaint seeking judicial review of the denial of her claim. R. Doc. 1 at 1. After Richardel filed her opening brief, the parties agreed to an order remanding the case to the agency for further proceedings.  See R. Doc. 12. See also R. Doc. 18. As a result, a judgment for Richardel was issued. See R. Doc. 19.

On March 19, 2025, Richardel filed a motion for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A). R. Doc. 22. Richardel requested attorney's fees of 6450.00 which represents thirty (30) hours of work at a rate of $215.00 per hour. R. Doc. 22-3 at 3. Richardel

---

[1] See R. Doc. 24, Order of Reference (Vitter, W.).

asserts that the Commissioner does not oppose the subject motion, and no Opposition was filed. R. Doc. 22 at 1.

## II.    Scope of Recoverable EAJA Fees

Under the EAJA, a prevailing party is entitled to attorney's fees in any civil action brought by or against the United States unless the court finds that the United States was "substantially justified or that special circumstances make an award unjust". See 28 U.S.C. § 2412(d)(1)(A). Section 2412(d) serves two purposes: "to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988) (emphasis in original). Both goals need to be considered when evaluating the Richardel's motion.

There is no dispute that Richardel was the prevailing party, that the application of fees was timely and proper, that the Commissioner's position was not substantially justified, or that the amount of hours requested was reasonable. The only issue is the hourly rate to be awarded. The Court must determine what hourly rate for fees would be reasonable.

## III.   Reasonable Hourly Rate

The Court must determine a reasonable hourly rate to award.[2] Under Title 28 U.S.C. § 2412(d)(2)(A), reasonable attorney's fees are "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

---

[2] See *Clark v. Am. Marine Corp.*, 320 F. Supp. 709, 711 (E.D. La. Apr. 24, 1970) (Rubin, A.), *aff'd*, 437 F.2d 959 (5th Cir. 1971). In reference to attorneys' fees, "the criterion for the court is not what the parties agreed but what is reasonable." *Clark*, 320 F. Supp. at 711.

Using measures like the attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services, the Fifth Circuit has applied the "lodestar" method for determining the reasonableness of attorneys' fees. *Brown v. Sullivan*, 917 F.2d 189, 190 (5th Cir. 1990). Under this approach, "the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate" is what is known as "lodestar". *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, the product of the lodestar calculation can be adjusted based on the twelve (12) factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Additionally based on the statute, other adjustments can be made to the attorneys' fees. Any requested rates higher than the statutory cap of $125 needs to be justified by an increase in the cost of living or a special factor. However while the statute allows for hourly rate adjustment, it does not require it. *Baker*, 839 F.2d at 1075. The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006).

**IV.     The Prevailing Market Rate**

The plaintiff carries the burden of proof for showing that the requested rate is in line with the prevailing market rate. See *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). Richardel contends that she is entitled to attorneys' fees in the amount of $6,450.00, based on an hourly rate of $215 per hour. R. Doc. 22-1 at 4-5. Richardel has not provided any information concerning the prevailing market rate. Instead, Richardel contends that the requested fee complies with the $125.00 per hour rate specified in the EAJA adjusted for inflation and an enhanced rate for special skills. R. Doc 22-1 at 4-5.

3

Federal caselaw, however, shows that the prevailing rate is $175.00. See *Kolb v. Colvin*, No. 13-5085, 2016 WL 258621, at *2 (E.D. La. Jan. 21, 2016) (Brown, J.) ("This Court has previously awarded attorneys' fees at a rate of $175 per hour in Social Security appeals for work performed in 2013, 2014, and 2015"); *Hallaron v. Colvin*, No. 12-2051, 2015 WL 4042144, at *2 (E.D. La. Jun. 30, 2015) (Vance, S.) ("[T]he Court concludes that the hourly rate of $175.00 is reasonable"); *Dubois v. Social Sec. Admin.*, No. 13-2438, 2014 WL 6485639, at *1 (E.D. La. Nov. 18, 2014) (Knowles, M.J.) ("After due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court will [] accept the hourly rate of $175.00 per hour for this EAJA petition and those filed in the near future"). Because Richardel has not provided any evidence on the prevailing hourly rate, an hourly rate of $175.00 is therefore reasonable.

## V.  The Cost of Living Adjustment

Richardel further contends that rates higher than the $125 statutory cap can be adjusted based on changes in the cost of living. R. Doc. 22-1 at 4-5. "When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap." *Kobrock v. Social Security Administration*, No. 23-256, 2024 WL 1285242, at *2 (E.D. La. Mar. 25, 2024) (North, M.J.) (citing *Baker*, 839 F.2d at 1084). Richardel argues that because the Consumer Price Index for Urban consumers ("CPI-U") was $155.7 in March 1996, the rate adjusted for inflation would be $240.71 per hour. R. Doc. 22-1 at 4. Richardel contends that while she could request up to $240.71/hour using the South Urban B CPI, she is only seeking $215.00/ hour. *Id.*

The Fifth Circuit has rejected the argument that increases in the EAJA statutory cap must precisely track increases in the cost of living. *Baker*, 839 F.2d at 1084. Thus, while the rate

4

requested by Richardel is consistent with the CPI-U, the Fifth Circuit has characterized figures adjusted for cost of living as the maximum: "Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981." *Id.*[3] However, given that the Commissioner does not oppose the motion, the Court will permit the use of the CPI-U finding that a rate of $215 is reasonable.

### VI.   Hours Reasonably Expended

Next, the Court must determine whether the attorney's time spent on this case is reasonable. The fee applicant bears the burden of supporting the reasonableness of all time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Moreover, district courts have considerable discretion in this area because of its familiarity with the case and the attorneys. See *Associated Builder & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). Since the 30.00 hours requested by Richardel is not in dispute, the Court finds the 30.00 hours expended by counsel is reasonable. R. Doc. 22-3 at 1-2.

### VII.   Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's **Motion for Attorneys' Fees (Rec. Doc. 22)** be **GRANTED** and that Plaintiff Chantel Richardel be awarded reasonable attorney's fees in the amount of **$6,450.00**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[3] The EAJA was amended in 1996 to increase the statutory cap from $75 to $125 per hour. 28 U.S.C. § 2412.

the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of April 2025.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**